ATTORNEYS — LEGAL INTERNSHIP — QUALIFICATIONS TO BE JUDGE The time served as a Legal Intern may not be included in determining whether one meets the qualifications in 20 O.S. 121.1 [20-121.1] (1975), to be an associate. district judge. The Attorney General has considered your opinion request wherein you ask, in effect, the following question: May the time served as Legal Intern be included in determining whether a person meets the qualifications in 20 O.S. 121.1 [20-121.1] (1975), which requires that an associate district judge have "two (2) years of experience as a licensed practicing attorney" ? Title 20 O.S. 121.1 [20-121.1] (1975), provides in-pertinent part: "No person shall be eligible for appointment to, or for election to, the office of associate district judge unless he has had a minimum of two (2) years of experience as a licensed practicing attorney, or as a judge of a court of record, or a combination thereof, within the State of Oklahoma." (Emphasis added) This section plainly requires two years of experience as a "licensed practicing attorney". Such a requirement indicates a legislative intent to consider only experience gained subsequent to admission to the bar. Legal Internship qualifications, the duration of the license, and the limitations on the practice of law as a Legal Intern (5 O.S. Chapter [5-Chapter] 1, Appendix 6, Sections 1, 6, and 7 (1975)) all render experience gained thereunder substantially different from that gained as a licensed practicing attorney. The statutory qualifications for associate district judge cannot be fulfilled by substituting experience of a different kind and character. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The time served as a Legal Intern may not be included in determining whether one meets the qualifications in 20 O.S. 121.1 [20-121.1] (1975), to be an associate district judge. (DANIEL J. GAMINO) (ksg)